**Ira Don PARTHEMORE,**
**Plaintiff–Appellant,**

v.

**William KNIPP, Warden; et al.,**
**Defendants–Appellees.**

**No. 13–17303.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 9, 2014.*

Filed Dec. 18, 2014.

Ira Don Parthemore, Chowchilla, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Leena M. Sheet, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: WALLACE, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Ira Don Parthemore, a California state prisoner, appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging an Eighth Amendment violation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Albino v. Baca,* 747 F.3d 1162, 1171 (9th Cir.2014) (en banc), and we affirm.

The district court properly dismissed Parthemore's claims against Conlon, Cross, and Rogers for failure to exhaust administrative remedies because Parthemore did not raise in his grievance the claims that he now raises against these defendants in this action. *See Woodford v. Ngo,* 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Morton v. Hall,* 599 F.3d 942, 946 (9th Cir.2010) (a grievance must "provide notice of the harm being grieved" and "[t]he level of detail in an administrative

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures" (citation and internal quotation marks omitted)).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.